IN THE CHANCERY COURT OF BENTON COUNTY, TENNESSEE **COPY**

| | |
|---|---|
| JOHN TORRI, a citizen and resident of Benton County, Tennessee, | ) ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | ) ) |
| U.S. SPECIALTY INSURANCE COMPANY, a foreign corporation | ) ) ) |
| DEFENDANT, | ) |

NO.: 1672  FILED
A.M. MAR 0 1 2007 P.M.
BENTON CO. CHANCERY COURT
BENTON COUNTY, TN

## COMPLAINT

Comes now the Plaintiff, by and through his attorney, and, for cause of action, would state as follows:

1. Plaintiff is a citizen and resident of Benton County, Tennessee, and resides at 834 Point Mason Road, Big Sandy, Tennessee, 38221.

2. The defendant is a foreign corporation with its principal office located at 13403 Northwest Freeway, Houston, Texas 77040, and may be served with service of process through the Department of Banking and Insurance.

3. That on or about the first day of May 2003, the Plaintiff and the Defendant entered into an accident insurance contract.

4. Said contract provided, among other things, that, in the event Plaintiff suffered an injury and was temporarily totally disabled, that said Defendant would pay a maximum weekly benefit of $500.00 per week for a maximum period of 104 weeks.

5. Further, Plaintiff would state that said contract provided that, in the event Plaintiff was continuously totally disabled, he would be entitled to receive maximum benefits until age 70 with a maximum weekly benefit of $500.00 per week reduced by 100% of primary social security disability award.

A TRUE AND ATTEST COPY
Timothy Burrus
TIMOTHY V BURRUS
CLERK & MASTER

6. On or about July 2004, the Plaintiff suffered an injury to his back which caused him to be temporarily and totally disabled. Said defendant paid Plaintiff temporary total disability benefits pursuant to the contract.

7. Plaintiff applied for social security disability benefits and received a fully favorable decision on or about October 26, 2006.

8. Plaintiff would state that said defendant has willfully failed and refused to pay said Plaintiff his continuous total disability benefits. Plaintiff would state that his date of birth is 2/25/53 thus Plaintiff is 54 years of age. Plaintiff would further state that he is entitled to 884 weeks of continuous total disability benefits at the maximum rate of $500 per week for total benefits of $442,000 plus pre-judgment interest plus 25% bad faith penalties pursuant to T.C.A. 56-7-105.

WHEREFORE, Plaintiff moves the Court for a judgment in the amount of $442,000 plus pre-judgment interest and bad faith penalties.

Respectfully submitted,

TERRY J. LEONARD #011851
ATTORNEY FOR PLAINTIFF
P.O. BOX 130
CAMDEN, TENNESSEE 38320
731-584-0354

STATE OF TENNESSEE

COUNTY OF BENTON

     John C. Torri, after first being duly sworn according to law, makes oath that he has read the foregoing Complaint and that his Complaint is true, to the best of his knowledge, information and belief, and that his Complaint is not made out of levity, or by collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

     This the 1st day of March, 2007.

                                           John C. Torri

     Sworn to and subscribed before me this the 1st day of March, 2007.

                                       Selena E. Holland
                                         NOTARY PUBLIC

My Commission Expires: April 20, 2010



SELENA E. HOLLAND
STATE OF TENNESSEE NOTARY PUBLIC
BENTON COUNTY
My Commission Expires April 20, 2010

## COST BOND

     We hereby acknowledge myself as surety in the above matter for cost in an amount not to exceed $1,000.00.

                                           TERRY J. LEONARD

                                           JOHN C. TORRI

# STATE OF TENNESSEE
## CHANCERY COURT OF BENTON COUNTY, TENNESSEE

JOHN TORRI,

    Petitioner

vs.

U.S. SPECIALTY INSURANCE COMPANY,

    Defendants

Civil Action No.: 1572

COPY

Summons:
To be served upon the highest ranking official on premises at the time of service of process on:

To the above named defendant(s): Director of Division of Workers Compensation, Second Injury Fund
You are hereby summoned and required to serve upon Terry J. Leonard, Plaintiff's Attorney, whose address is 100 South Forrest Avenue, P.O. Box 130 Camden, Tennessee 38320, an Answer to the Complaint which is herewith served upon you within thirty days after service of this summons upon you exclusive of the day of service, and files copy of the answer with this court within 30 days after answer is made. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, _Timothy R Burress_ of said Court, at office on the _1st_ in _March_ A.D., 2007.

Issued this _1st_ day of _March_ 2007.

_Timothy R Burress_
Clerk and Master

By: _Deborah Douglas_
Deputy Clerk

Received this _____ day of _____ 2007.

_____
Sheriff-Deputy Sheriff

**TO THE DEFENDANTS:**
Tennessee Law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary. However, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2007, I served this summons together with a copy of the complaint herein as follows:

_____

_____
Sheriff-Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE



**STATE OF TENNESSEE**
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

March 13, 2007

U S Specialty Insurance Company
13403 Northwest Freeway
Houston, TX 77040
NAIC # 29599

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6618 7506
Cashier # 2210

Re: John Torri  V.  U S Specialty Insurance Company

Docket # 1572

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Workers' Compensation Complaint was served on me on March 08, 2007 by John Torri pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Chancery Court of Benton County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
 Benton County
 1 East Court Square, Rm 206
 Camden, Tn  38320

Service of Process 615.532.5260

# STATE OF TENNESSEE
## CHANCERY COURT OF BENTON COUNTY, TENNESSEE

JOHN TORRI,  Civil Action No.: 1572

    Petitioner

vs.

U.S. SPECIALTY INSURANCE COMPANY,

    Summons:
    To be served upon the highest ranking official on premises at the time of service of process on:

    Defendants

**COPY**

To the above named defendant(s): Director of Division of Workers Compensation, Second Injury Fund

You are hereby summoned and required to serve upon Terry J. Leonard, Plaintiff's Attorney, whose address is 100 South Forrest Avenue, P.O. Box 130 Camden, Tennessee 38320, an Answer to the Complaint which is herewith served upon you within thirty days after service of this summons upon you exclusive of the day of service, and files copy of the answer with this court within 30 days after answer is made. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Witness, _Timothy R Burrus_ of said Court, at office on the _1st_ in _March_ A.D., 2007.

Issued this _1st_ day of _March_ 2007.

Clerk and Master

By: _Deborah Douglas_
Deputy Clerk

Received this _____ day of _____ 2007.

_____
Sheriff-Deputy Sheriff

**TO THE DEFENDANTS:**
Tennessee Law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary. However, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2007, I served this summons together with a copy of the complaint herein as follows:

_____

_____
Sheriff-Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

Service COPY

A TRUE AND ATTEST COPY
_Timothy R Burrus_
TIMOTHY R BURRUS
CLERK & MASTER


ADA FOR ASSISTANCE CALL 731-584-4435