# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

___

| | |
|---|---|
| JOHN TORRI, | ) |
| | ) |
|       Plaintiff, | ) |
| | )    No. 07-1066 T/An |
| v. | ) |
| | ) |
| U.S. SPECIALTY INSURANCE CO. | ) |
| | ) |
|       Defendant. | ) |

___

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, TO EXCLUDE EXPERT TESTIMONY
___

Before the Court is Defendant's Motion to Dismiss or in the Alternative, to Exclude Expert Testimony, (D.E. # 9), filed on November 19, 2007. Plaintiff responded in opposition on November 29, 2007. (D.E. # 10.) United States Chief District Judge James D. Todd referred the Motion to the Magistrate Judge for a Report and Recommendation. For the reasons set forth below, the Court recommends that Defendant's Motion be **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

This is an action to recover disability benefits under a policy of insurance. The Court's Rule 16(b) Scheduling Order required Plaintiff to provide his expert disclosures by October 1, 2007, and required interrogatories, request for production of documents, and request for admissions to be completed by November 1, 2007. Plaintiff did not provide proper discovery responses, and Defendant filed a Motion to Compel on October 10, 2007. Based on Plaintiff's

1

failure to provide proper discovery responses and disclosures, the District Court entered a Consent Order granting Defendant's Motion to Compel on October 12, 2007. Defendant asserts that Plaintiff has failed to fully comply with the Court's Order compelling discovery responses. Specifically, Defendant alleges that Plaintiff's discovery responses are insufficient in that they failed to provide:

> a. a complete list of medical providers seen or consulted by Plaintiff;
> b. full contact information for Plaintiff's previous employers;
> c. complete medical records and medical bills for all medical providers known to have provided treatment to Plaintiff;
> d. other documentation supporting the contention that Plaintiff is continuously disabled;
> e. documents relied upon by Mr. Torri in responding to written discovery; and
> f. the complete Notice of Decision Fully Favorable from the Social Security Administration.

Additionally, Defendant states that Plaintiff's expert disclosures failed to comply with Rule 26(a)(2) in that they did not include:

> a. signed statements from experts regarding the basis and reason for their opinions related to the Complaint;
> b. exhibits to be used;
> c. compensation paid; and
> d. other cases in which the experts have testified in the prior four years.

Based on Plaintiff's failure to comply with the Court's Order compelling discovery, Defendant now moves the Court to dismiss Plaintiff's claim or in the alternative, to exclude the expert testimony of Plaintiff's treating physicians.

## **ANALYSIS**

**A. Motion to Dismiss**

The Court has the authority to dismiss an action under Federal Rule of Civil Procedure 37(b)(2)(A) as a sanction when a party fails to comply with an order granting a motion to compel

discovery.[1] Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[2] As for the specific sanction of dismissal, dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith."[3] In addition to considering the party's bad faith, the other factors for the court to consider before imposing the sanction of dismissal under Rule 37(b) are prejudice to the opposing party, whether the court warned the party that failure to cooperate could lead to dismissal, and whether the court imposed or considered less drastic sanctions before ordering dismissal.[4] Unless the court has warned the plaintiff that it is contemplating dismissal, the court "should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'"[5] Stated another way, in the Sixth Circuit, "[d]ismissal is the sanction of last resort."[6]

In applying the above factors to the case at hand, the Court finds that dismissal is not warranted at this time. Plaintiff states that he has made a good faith effort to comply with the Court's order regarding discovery and that he is continuing to obtain documents and supplement his responses. Therefore, it does not appear that his inaction rises to the level of "flagrant bad

---

[1] Fed. R. Civ. P. 37(b)(2)(A).

[2] *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[3] *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)).

[4] *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

[5] *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988)). *But cf. id.* at 368 (citing *Buck v. U.S. Dep't of Agric., Farmer's Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992)). "We have never held that a district court is without power to dismiss a complaint, as the first and only sanction . . . . " *Id.* Whether the court considered a lesser sanction is only one factor for the court to consider. *Id.*

[6] *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

faith." Additionally, the Court has not yet warned Plaintiff that failure to cooperate could lead to dismissal, nor has the Court imposed or considered less drastic sanctions. Undoubtedly, Defendant has been prejudiced by Plaintiff's conduct by being unable to evaluate Plaintiff's case in regard to causation and damages. Despite the prejudice to Defendant, however, after balancing all of the factors, the Court declines to impose the harsh sanction of dismissal at this time. The Court does recommend, though, that Plaintiff be ordered to completely comply with Defendant's discovery requests within ten (10) days. Furthermore, the Court recommends that the District Judge admonish Plaintiff that failure to fully comply with discovery could result in dismissal of his action. At this time, therefore, Court recommends that Defendant's Motion to Dismiss be **DENIED**.

**B. Motion to Exclude Expert Testimony**

Alternatively, Defendant has requested that the Court preclude Plaintiff from presenting expert testimony in this matter. Defendant asserts that Plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B) by not submitting expert reports for his testifying physicians. To the contrary, Plaintiff argues that he was not required to produce expert reports because the doctors in question are "treating physicians." Rule 26(a)(2)(B) provides that a party must provide an expert report for a retained, testifying expert.[7] An exception to this is that a treating physician can testify at trial without having to provide a written report.[8] When a treating physician limits his testimony to the care and treatment of a patient, that physician is not

---

[7] Fed. R. Civ. P. 26(a)(2)(B). A party must disclose "a witness who is retained or specially employed to provide expert testimony . . . [and must provide] a written report prepared and signed by the witness." *Id.*

[8] Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdivision (a), para (2).

4

considered a retained expert and is not, therefore, required to produce an expert report under Rule 26(a)(2)(B).[9] On the other hand, a party is required to provide an expert report, even when a doctor is a treating physician, if the doctor's testimony is based on something other than the doctor's observations during the treatment of the patient.[10] When a treating physician develops opinions that go beyond those needed to treat the patient, the physician then becomes a retained expert under Rule 26(a)(2).[11] The distinction rests on the substance of the physician's testimony;[12] that is, whether the doctor developed his opinion directly through his treatment of the patient.[13] If so, then the doctor is testifying in the capacity of a treating physician who need not file a Rule 26(a)(2)(B) report.[14]

Importantly, treating physicians are not limited to testifying solely as to the treatment administered to the patient.[15] During the course of treatment, a physician may develop opinions regarding causation and prognosis.[16] "To assume otherwise is a limiting perspective, which

---

[9] *Hawkins v. Graceland,* 210 F.R.D. 210, 211 (W.D. Tenn. 2002) (quoting *Salas v. United States*, 165 F.R.D. 31, 33 (W.D. N.Y. 1995)).

[10] *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1 (D. Mass. 1996).

[11] *Hawkins*, 210 F.R.D. at 211 (citing *Salas*, 165 F.R.D. at 33).

[12] *Id.* (citing *Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 442 (D. Colo. 2000))*; Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).

[13] *Salas*, 165 F.R.D. at 33 (citing *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993))*. See also Gonzales v. Exec. Airlines*, 236 F.R.D. 73, 78 (D. P.R. 2006) (noting that in order "for a treating physician not to be bound by the expert witness requirements of Rule 26, the physician's testimony must be closely constrained to the facts of the treatment administered and discussed in his notes taken at the time of his examination.").

[14] *Id.* (quoted in *Hawkins*, 210 F.R.D at 212).

[15] *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007).

[16] *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557 (S.D. Ind. 2003) (quoted with approval in *Fielden*, 482 F.3d at 870).

5

narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries."[17] To further illustrate, in *Mohney v. USA Hockey, Inc.*,[18] the district court excluded a portion of a treating physician's testimony for failure to file an expert report.[19] The physician in *Mohney* reached his conclusions based on his review of a videotape of an accident.[20] In affirming the exclusion of that testimony, the court of appeals stated that there was "no evidence that [the treating physician] reached the same conclusions regarding causation at the time he treated [the patient]."[21] In *Fielden v. CSX Transportation, Inc.*, on the other hand, the court held that the plaintiff need not file an expert report for his treating physician.[22] The court noted that because there was evidence that the physician formed his opinions as to the cause of the plaintiff's injuries at the time that he treated the plaintiff, and not at the request of the plaintiff's counsel, it was clear that the plaintiff did not retain the physician to provide expert testimony.[23]

Plaintiff argues that because his experts are treating physicians, he need not provide expert reports. As discussed above, however, whether an expert report is required depends upon the substance of the physician's testimony. Neither the Motion and Memorandum nor the Response with its supporting Memorandum states with specificity the nature of the experts'

---

[17] *Id.* (citing *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002)).

[18] 138 Fed. Appx. 804 (6th Cir. 2005).

[19] *Mohney* 138 Fed. Appx. at 811.

[20] *Id.*

[21] *Id.*

[22] *Fielden*, 482 F.3d at 872.

[23] *Id.* at 869.

proposed testimony. Therefore, to the extent that the physicians intend to testify as to observations and conclusions within the scope of the treatment rendered, no expert report is required, and the Court recommends that Defendant's Motion be **DENIED**. Because Plaintiff has not provided the information required for expert disclosures, however, to the extent that the physicians plan to offer expert opinion testimony, that is, testimony outside of the scope of treatment rendered, the Court recommends that Defendant's Motion to Exclude Expert Testimony be **GRANTED.**

## CONCLUSION

For the reasons set forth above, at this time the Court does not recommend dismissal of Plaintiff's action. The Court does recommend that Plaintiff be ordered to fully respond to Defendant's discovery requests within ten (10) days. Furthermore, as discussed above, the Court recommends excluding the testimony of Plaintiff's treating physicians to the extent that they plan to offer expert testimony. The Court, therefore, recommends that Defendant's Motion be **GRANTED IN PART AND DENIED IN PART**.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES MAGISTRATE JUDGE

                                              Date:   December 19th, 2007.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.