IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN TORRI, )
)
     Plaintiff, )
)
VS. )       No. 07-1066-T/An
)
U.S. SPECIALTY INSURANCE )
COMPANY, )
)
     Defendant. )

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

On November 19, 2007, the Defendant, U.S. Specialty Insurance Company, filed a motion

to dismiss or, in the alternative, to exclude expert testimony. Defendant contended that, due to

Plaintiff John Torri's continued refusal to comply with the Court's prior order compelling discovery,

the complaint should be dismissed. Alternatively, Defendant sought to exclude the expert testimony

of Plaintiff's treating physicians. Plaintiff filed a timely response, and on December 5, 2007, the

Court referred the motion to U.S. Magistrate Judge S. Thomas Anderson for a report and

recommendation. Magistrate Judge Anderson filed his report and recommendation on December

20, 2007, and neither party has filed an objection.

Magistrate Judge Anderson concluded that Plaintiff's failure to comply with the order

compelling discovery did not rise to the level of "flagrant bad faith" warranting dismissal of the

action. Magistrate Judge Anderson also noted that dismissal was inappropriate at this time because

less drastic sanctions had not been imposed, and Plaintiff had not specifically been warned that his

failure to cooperate in discovery could lead to dismissal. Thus, the Magistrate Judge recommended

that the motion to dismiss be denied. The Magistrate Judge did, however, recommend that Plaintiff be ordered to fully comply with Defendant's discovery requests within ten days, and that he be advised that further failure to do so could result in dismissal of this action.

With regard to the motion to exclude the expert testimony of Plaintiff's treating physicians, Magistrate Judge Anderson recommended that it be granted to the extent that the treating physicians intend to offer expert testimony outside the scope of the treatment rendered to Plaintiff. Magistrate Judge Anderson was careful to explain, however, that to the extent Plaintiff's treating physicians will testify only as to observations made and conclusions drawn within the scope of the treatment rendered to Plaintiff, they are not considered experts; therefore, no expert reports are required.

The Court finds Magistrate Judge Anderson's report and recommendation to be well-reasoned, and the Court hereby ADOPTS it fully. Therefore, Defendant's motion to dismiss (Docket Entry #9) is DENIED. The alternative motion to exclude expert testimony is GRANTED to the extent that Plaintiff's treating physicians intend to offer actual expert testimony. Furthermore, Plaintiff is ORDERED to fully comply with Defendant's discovery requests within ten days after service of this order. Failure to do so may result in the imposition of further sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE